IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDDIE DEMOND HEARD, <br> AIS 272097, <br>     Petitioner, <br><br> vs. <br><br> ELLA L. BYRD, et al., <br><br>     Respondents. | : <br> : <br> : <br> :    CA 16-00060-WS-C <br> : <br> : |

**REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenL.R. 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon petitioner's failure to prosecute this action and comply with the Court's order dated February 17, 2016 (Doc. 3).

Freddie Heard filed a complaint on this Court's § 1983 form (Doc. 1), together with a motion to proceed without prepayment of fees (Doc. 2), on February 10, 2016. Because it was clear from a reading of the complaint that the claims Heard seeks to "press" all arise out of his first-degree sexual abuse and enticing a child for immoral purposes convictions in the Circuit Court of Mobile County, Alabama (*see* Doc. 1, at 4-12), the undersigned instructed Heard that if it was his "intent to file a habeas action"[1] he was to, not later than March 11, 2016, "complete and file this Court's form for a

---

[1] The Court informed Heard that if he re-filed his action as a habeas corpus petition, "the style of the case should reflect Warden Walter Myers as the properly named Respondent." (Doc. 3, at 1 n.1.)

petition under 28 U.S.C. § 2254[.]" (Doc. 3, at 1.)[2] Heard was informed that his "[f]ailure to comply with this order within the prescribed time or to notify the Court of a change in address could require the dismissal of this action without prejudice for failure to prosecute and to obey the Court's order." (*Id*. at 2.) To date, Heard has not complied with this Court's order instructing him to re-file his action on this Court's form for a petition under 28 U.S.C. § 2254[3] and to pay the filing fee or file this Court's new form motion to proceed without prepayment of costs and fees. (*See* Docket Sheet.)[4]

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

---

[2] In addition, Heard was instructed to pay the filing fee or "complete and file this Court's new form for a motion to proceed without prepayment of fees, along with a copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period **immediately** preceding the filing of his complaint." (Doc. 3, at 1-2 (emphasis in original).)

[3] The undersigned finds it likely that Heard simply chose not to follow the Court's directives since he presently has pending in this Court a habeas corpus action challenging the very convictions and sentences that are the focus of the instant action. *See Heard v. Davenport*, Civil Action No. 15-0462-WS-B.

[4] Since entry of the February 17, 2016 order, the Court has received from Heard a request for status (Doc. 4) and a request for appointment of counsel (Doc. 5). It is clear to the undersigned that these pleadings "crossed in the mail" with this Court's February 17, 2016 Order inasmuch as Heard's pleadings were both penned on February 18, 2016 (*see* Docs. 4 & 5). This report and recommendation sufficiently answers Heard's status request (Doc. 4) and his request for appointment of counsel (Doc. 5) is **DENIED**.

In this case, petitioner has not responded to the Court's order dated February 17, 2016 (*compare* Docket Sheet *with* Doc. 3) and, therefore, it is recommended that the Court **DISMISS** Heard's action pursuant to Fed.R.Civ.P. 41(b) based upon his failure to prosecute this action by obeying this Court's lawful order.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 22nd day of March, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**